### KLEINWORT & COHEN v. KLINGENDER BROTHERS.

Mere insolvency is not sufficient to render a debt due, which, by its terms, is payable at a future day.

An actual surrender, either voluntary or forced, is required to annihilate the term fixed by the contract for the payment of a debt.

An affidavit for an attachment sued out upon a debt not due is defective, if it does not state that the debtor is about to remove his property out of the State before the debt becomes due.

APPEAL from the Fourth District Court of New Orleans, *Price, J.*

*E. Briggs,* for plaintiffs and appellants.   *H. T. Hayes,* for defendants.

MERRICK, C. J.   This is an appeal from a judgment on a rule dissolving an attachment.

The plaintiffs, a commercial firm residing in London, England, represent that *Klingender Brothers,* a commercial firm of Liverpool, are indebted to them in the sum of £500 sterling, or its equivalent in dollars ; for this, that plaintiffs are the owners of a bill of exchange of that amount, drawn November 7th, 1857, by *G. W. Oliver & Co.,* sixty days after sight, which was duly accepted by defendants, but that they have failed and proved utterly insolvent, by reason whereof the said bill is now due and payable.

The sixty days after sight not having expired when the attachment was sued out, it is contended that the debt was not due and that the affidavit is not in the form required by the Act of 1823, p. 170.

It appears that the objection is well taken.   Mere insolvency is not sufficient to render a debt due, which, by its terms, is payable at a future day.   An actual surrender, voluntary or forced, is required to annihilate the term fixed by the contract for the payment of a debt.   C. C. 2049 ; *Millaudon* v. *Foucher,* 8 L. R. 582 : *Funes* v. *Bank U. S.* 10 Rob. 533.

The debt not being due, the affidavit is defective in not stating that the debtor was about to remove his property out of the State before the debt became due. Acts 1826, p. 170, sec. 7.   The case cannot be distinguished from the case of *Millaudon* v. *Foucher,* 8 L. R. 582, above cited.

Judgment affirmed.